[No. B058753. Second Dist., Div. Three. Oct. 16, 1991.]

WILLIAM LAWSON MARTIN III et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF SIERRA MADRE et al., Real Parties in Interest.

**COUNSEL**

Brown, Winfield & Canzoneri and Mark W. Steres for Petitioners.

No appearance for Respondent.

Charles R. Martin, City Attorney, Burke, Williams & Sorenson, J. Robert Flandrick and Virginia R. Pesola for Real Parties in Interest.

## OPINION

**KLEIN, P. J.**—Petitioners William Lawson Martin III and Annette Martin (the Martins) seek a writ of mandate directing the trial court to grant their motion for summary adjudication of issues and declare invalid Ordinance No. 1069 enacted by real parties in interest, the City of Sierra Madre (the City) and the City Council of the City of Sierra Madre (the City Council). Ordinance No. 1069 imposed a third moratorium on the issuance of building permits in a hillside section of the City following two previous ordinances which had taken effect on May 10, 1988.

Because enactment of Ordinance No. 1069 violated Government Code Section 65858, subdivision (e), we grant the petition for writ of mandate.[1]

### BACKGROUND

1. *The applicable law.*

We set forth the applicable code provisions governing the facts of this land use case at the outset.

Section 65858, subdivision (a), provides: "Without following the procedures otherwise required prior to the adoption of a zoning ordinance, the legislative body, to protect the public safety, health and welfare, may adopt as an urgency measure an interim ordinance prohibiting any uses which may be in conflict with a contemplated general plan, specific plan, or zoning proposal which the legislative body, planning commission or the planning department is considering or studying or intends to study within a reasonable time. That urgency measure shall require a four-fifths vote of the legislative body for adoption. The interim ordinance shall be of no further force and effect 45 days from its date of adoption. After notice pursuant to Section 65090 and public hearing, the legislative body may extend the interim ordinance for 10 months and 15 days and subsequently extend the interim ordinance for one year. Any extension shall also require a four-fifths vote for adoption. Not more than two extensions may be adopted."

Section 65858, subdivision (e), states: "When an interim ordinance has been adopted, every subsequent ordinance adopted pursuant to this section, covering the whole or a part of the same property, shall automatically terminate and be of no further force or effect upon the termination of the first interim ordinance or any extension of the ordinance as provided in this section."

---

[1]All further unspecified statutory references are to the Government Code.

■  At oral argument the parties confirmed that the City is organized under the general law. (§ 34102.) As such, it "has only those powers expressly conferred upon it by the Legislature, together with such powers as are 'necessarily incident to those expressly granted or essential to the declared object and purposes of the municipal corporation.' The powers of such a city are strictly construed, so that 'any fair, reasonable doubt concerning the exercise of a power is resolved against the corporation.' [Citation.]" (*Irwin* v. *City of Manhattan Beach* (1966) 65 Cal.2d 13, 20-21 [51 Cal.Rptr. 881, 415 P.2d 769]; *Cerini* v. *City of Cloverdale* (1987) 191 Cal.App.3d 1471, 1476 [237 Cal.Rptr. 116]; Cal. Const., art. XI, § 7.)

## 2. *The facts.*

Pursuant to section 65858, subdivision (a), on May 10, 1988, the City Council adopted a 45-day interim ordinance, Ordinance No. 1040, which imposed a moratorium on the issuance of all parcel maps, subdivision maps, grading permits and building permits with respect to certain hillside property within the City including the Martins' real property. On June 14, 1988, the City Council extended this moratorium ordinance for 90 days until September 13, 1988. On September 13, 1988, the City Council again extended Ordinance No. 1040 until September 13, 1989.

On March 14, 1989, pursuant to section 65858, the City Council adopted another 45-day interim moratorium ordinance, Ordinance No. 1053, affecting a part of the same hillside property, again including the Martins' property. Ordinance No. 1053 continued the moratorium on the issuance of all parcel maps, subdivision maps, grading permits and building permits in the hillside area and purported to repeal and replace Ordinance No. 1040. On April 25, 1989, the City Council extended Ordinance No. 1053 for 10 months and 15 days until March 14, 1990.

On December 29, 1989, the Martins applied for a tentative tract map subdividing their 11-acre parcel into 10 lots. At the same time the Martins notified the City of their claim that Ordinance No. 1053 violated section 65858, subdivision (e), because Ordinance No. 1040 had expired, by operation of law, on September 13, 1989, after it had been extended twice. The City rejected the proposed subdivision.

On May 8, 1990, the City Council adopted a third 45-day interim moratorium ordinance, Ordinance No. 1069, affecting a part of the same hillside property, again including the Martins' property. Ordinance No. 1069 prohibited the issuance of any building permit, license or other entitlement to construct, place or reconstruct any building in the hillside area. On June 22, 1990, the City Council extended this ordinance until May 8, 1991. On April

23, 1991, the City Council further extended Ordinance No. 1069 to November 10, 1991.

On June 15, 1990, the Martins filed a first amended complaint for declaratory and injunctive relief, damages for violation of their civil rights, and a writ of administrative mandamus.

On January 11, 1991, the Martins filed a motion for summary adjudication of issues which requested the trial court: (1) to determine that Ordinance No. 1069 is invalid and void as against the Martins' property because it violates the time constraints of section 65858, (2) to find that the City and City Council knew Ordinance No. 1069 was invalid at the time of its adoption, and (3) to issue an order enjoining the enforcement of Ordinance No. 1069 and the enactment of any similar new ordinance.

Although the City contested the relevancy of some of the facts recited above, it did not dispute their accuracy. However, the City did assert it believed Ordinance No. 1069 to be valid.

In ruling on the Martins' summary judgment motion, the trial court directed itself primarily toward the second issue, i.e, whether the City and City Council knew Ordinance No. 1069 was invalid when adopted. The trial court believed a triable issue of fact had been presented with respect to the City's motive in enacting Ordinance No. 1069, which would be relevant on the Martins' civil rights cause of action, and denied the motion for summary adjudication.

The Martins sought the instant writ and on June 13, 1991, this court issued an alternative writ.

## CONTENTIONS

The Martins apparently concede the knowledge of the City presents a triable issue of fact and now contend only that the moratorium ordinances enacted by the City exceeded the time limit established by section 65858 so as to render Ordinance No. 1069 invalid.

## DISCUSSION

*Section 65858 limits "every subsequent [moratorium] ordinance" affecting the same property.*

" 'If the words of a statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the

statute or from its legislative history.' [Citations.]" (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].)

■ Subdivision (e) of section 65858 is a plainly worded statute. It states: "When an interim ordinance has been adopted, *every subsequent ordinance* adopted pursuant to this section, covering the whole or a part of the same property, *shall automatically terminate* and be of no further force or effect *upon the termination of the first interim ordinance or any extension of the ordinance as provided in this section.*" (Italics added.)

Ordinance No. 1069 is a subsequent ordinance imposing a moratorium on the development of the Martins' property which purported to take effect beyond the termination of the first ordinance or any extension of the ordinance. Therefore, it violates the plain meaning of section 65858, subdivision (e), and can be "of no further force or effect."

The City arguments to the contrary lack merit.

The City claims this case does not involve a single moratorium which has been extended beyond the time limit of section 65858, but instead involves successive different moratoria, each of which complies with section 65858. The City contends "subsequent ordinance" as used in section 65858, subdivision (e), applies only to those subsequent ordinances which are adopted during the efficacy of, and improperly extend beyond the two-year limit, a prior ordinance. The City urges any hiatus in successive ordinances during which different zoning regulations were in effect constitutes a new moratorium period.

In support of this argument the City points to the City Council's enactment of a new zoning scheme affecting the instant property on January 9, 1990, in the form of Ordinance No. 1054B. The City argues the rezoning caused by Ordinance No. 1054B effectively terminated the moratorium of Ordinance No. 1053 and allowed the City a new two-year period in which to enact an interim moratorium with respect to the rezoning.

We find nothing in the words of the statute or its legislative history which would suggest such a meaning. Rather, the history of the statute, as discussed in *Bank of the Orient* v. *Town of Tiburon* (1990) 220 Cal.App.3d 992, 1003 [269 Cal.Rptr. 690], indicates the Legislature intended "to limit *all* moratorium ordinances."

We conclude neither the rezoning of the property nor the expiration of the first moratorium ordinance prevents the plain application of section 65858,

subdivision (e), to "*every* subsequent ordinance adopted pursuant to this section, . . ." (Italics added.)

Section 65858, subdivisions (a) and (e), allow the City Council to utilize the moratorium ordinance process only once for an aggregate period of two years. It would have been a simple matter for the Legislature to permit a new two-year limit upon each rezoning of affected property or upon termination of a prior ordinance. However, it did not. The City therefore cannot obtain a new two-year moratorium limitation merely by rezoning or awaiting the expiration of an earlier ordinance.

The City's reliance on *Bank of the Orient* v. *Town of Tiburon, supra*, 220 Cal.App.3d 992, is misplaced. In *Bank of the Orient* the electorate passed an initiative that would have extended a previously adopted moratorium ordinance beyond the limit imposed by section 65858, subdivision (a). The *Bank of the Orient* court primarily concerned itself with whether the reference to "legislative body" in section 65858, subdivision (a), included the voters in an initiative election and concluded it did.

Nonetheless, the City argues *Bank of the Orient* stands for the proposition the two-year limit of section 65858 applies only where an attempt is made to extend a moratorium ordinance beyond the two-year limit during the pendency of the moratorium. *Bank of the Orient* did not even consider this issue and cannot be cited as authority for the City's position. Further, an interruption in the moratorium cannot be a controlling distinction in light of the direct and plain wording of section 65858, subdivision (e). As stated above, that section applies to *every* subsequent moratorium ordinance affecting the same property.

Subdivision (e) of section 65858 further states "every subsequent ordinance . . . shall automatically terminate and be of no further force or effect upon the termination of the first interim ordinance or any extension of the ordinance as provided in this section."

Because the second extension of the first ordinance, Ordinance No. 1040, expired on September 13, 1989, Ordinance No. 1069 was invalid at the time it was adopted. Enactment of Ordinance 1053 which purported to repeal and replace Ordinance No. 1040 cannot override the express dictate of the statute which clearly states that subsequent moratorium ordinances terminate upon "termination of the first interim ordinance or any extension of the ordinance . . . ." (§ 65858, subd. (e).)

Moreover, even if the City be given the benefit of the doubt and is allowed the entire two-year statutory period that otherwise would have been available

had the first extension of Ordinance No. 1040 been for the full allowable time period, the moratorium nonetheless automatically terminated on May 10, 1990, the two-year anniversary of the enactment of Ordinance No. 1040. Under either theory, Ordinance No. 1069 was invalid at the time of the Martins' motion for summary adjudication of facts.

Based upon the information placed before this court by the parties, the trial court should have summarily adjudicated the invalidity of Ordinance No. 1069 in favor of the Martins.

## CONCLUSION

Pursuant to section 65858, subdivision (e), the power of the City Council to enact a moratorium ordiance pursuant to section 65858, subdivision (a), terminated upon expiration of the second extension of Ordinance No. 1040 on September 13, 1989. Ordinance No. 1069 is therefore invalid.

## DISPOSITION

Let a writ of mandate issue directing the trial court to enter an order summarily adjudicating the fact that Ordinance No. 1069 violates section 65858, subdivision (e), and therefore is invalid as presently applied to the Martins' real property.

The alternative writ heretofore issued is hereby discharged.

Croskey, J., and Hinz, J., concurred.