TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-1103 |
| of | : | |
| | : | February 13, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE WILLIAM A. CRAVEN, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following questions:

1.     Does the appointment power of an elected mayor of a general law city extend to appointments (a) to regional boards, commissions, and committees, (b) that a city ordinance requires to be made by the city council, and (c) to subcommittees of the city council?

2.     Does the city council have the authority to direct the mayor to appoint a particular person in any of the above-described circumstances?

CONCLUSIONS

1.     Unless otherwise specifically provided by statute and subject to the approval of the city council, the appointment power of an elected mayor of a general law city extends to appointments (a) to regional boards, commissions, and committees, (b) that a city ordinance requires to be made by the city council, and (c) to subcommittees of the city council.

2.     The city council does not have the authority to direct the mayor to appoint a particular person in any of the above-described circumstances.

ANALYSIS

The questions presented for analysis concern the authority of an elected mayor of a general law city to make appointments to boards, commissions, and committees in three specified situations. We are also asked whether, assuming the mayor has the authority to make the appointments, the city council may nonetheless direct the mayor to appoint a particular person in any of the given situations.

The governing statute applicable to our discussion is Government Code section 40605, **Footnote No. 1** which provides as follows:

"In general law cities where the office of mayor is an elective office pursuant to Article 5 (commencing with Section 34900) of Chapter 7 of Part 1 of Division 2 of Title 4, the mayor, with the approval of the city council, shall make all appointments to boards, commissions, and committees unless otherwise specifically provided by statute." **Footnote No. 2**

As distinguished from a city operating under a city charter, a general law city has only those powers expressly conferred upon it by the Legislature, together with such powers as are necessarily incident to those expressly granted or essential to the declared object and purposes of the municipal corporation. A general law city may not act contrary to state statute. (See *Irwin* v. *City of Manhattan Beach* (1966) 65 Cal.2d 13, 20-21; *Martin* v. *Superior Court* (1991) 234 Cal.App.3d 1765, 1768.)

The city council, which consists of five members (§ 36501, subd. (a)), is the legislative body of a general law city. (§ 34000.) "The city council shall appoint the chief of police" and "may appoint a city attorney, a superintendent of streets, a civil engineer, and such other subordinate officers or employees as it deems necessary." (§ 36505.) The mayor is a member of the city council and has all of the powers and duties of a member of the council. (§ 34903.) The mayor is also president of the city council (§ 34002) and may be provided with compensation in addition to that which he receives as a councilman (§ 36516.1).

In analyzing the language of section 40605, we are guided by the well established principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "To determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) "Every word, phrase, and sentence in a statute should, if possible, be given significance. [Citation.]" (*Larson* v. *State Personnel Bd.* (1994) 28 Cal.App.4th 265, 276-277.) "'[C]ourts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' [Citation.]" (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097.)

1. Mayor's appointment Power

A.      Regional Boards, Commissions and Committees

The first issue to be resolved is whether a mayor's appointment power under section 40605 extends to appointments to regional boards, commissions, and committees. We conclude that it does.

Initially, we note that the mayoral appointment authority extends to "*all* appointments to boards, commissions, and committees . . . ." (§ 40605; italics added.) There is no express limitation that would confine the power of appointment to bodies that are entirely within city government.

It has been suggested, however, that the statute's phrase "[i]n general law cities" serves to confine the mayor's appointment power to bodies wholly within city government. We reject the suggestion, given the existence of chartered cities and their special powers; this language merely restricts section 40605's application to general law cities and not chartered cities.

It is to be observed that some regional boards, commissions, and committees do not have their members selected by mayoral appointments, as specified in various state statutes. (See, e.g., Health & Saf. Code, § 40420 [South Coast Air Quality Management District]; Pub. Resources Code, § 29735 [Delta Protection Commission]; Pub. Utilities Code, § 30201 [Southern California Rapid Transit District]; Harb. & Nav. Code, § 16 [San Diego Unified Port District]. [Footnote No. 3]

Somewhat unique is a joint powers agency established under the Joint Exercise of Powers Act (§§ 6500-6599.) The composition of an agency's governing body is controlled by the terms of the agreement. (§ 6508; see 78 Ops.Cal.Atty.Gen. 60, 65 (1995); 57 Ops.Cal.Atty.Gen. 295, 301 (1974).) Assuming the agreement does not specify how the selection is to be made, section 40605 requires the mayor to make the appointment subject to the approval of the city council.

We conclude that unless otherwise specifically provided by statute, the appointment power of an elected mayor of a general law city extends to appointments to regional boards, commissions, and committees, subject to the approval of the city council.

B.      City Ordinance Provisions

The second issue to be resolved is whether a city ordinance constitutes a "statute" for purposes of section 40605. If so, the appointment power of the mayor would yield to the terms of an ordinance as specified in section 40605. We conclude that a city ordinance is not a statute as that term is used in section 40605.

In *Pala Band of Mission Indians* v. *Board of Supervisors* (1997) 54 Cal.App.4th 565, 580, the court concluded that the term "statute" could include local ordinances, depending upon the circumstances. The court observed:

". . . [T]he term 'statute' does not unambiguously refer only to a state law. As reflected in the dictionary definitions, the commonly understood meaning of a 'statute' broadly extends to 'law[s] enacted by the legislative branch of a government,' without limiting the definition to the laws of a particular legislative body. (See Webster's New Collegiate Dict. (9th ed. 1987) p. 1152.) While

in legal terminology a statute generally means a state or federal law and an ordinance is used to specifically refer to a municipal or county law, a court must apply the 'usual and ordinary' meaning of words, rather than a technical construction." (*Id.*, at p. 580.)

In *California Aviation Council* v. *City of Ceres* (1992) 9 Cal.App.4th 1384, 1391, the court observed that the term "ordinance" could be considered a "statute":

"'Ordinance' is defined as follows: 'A rule established by authority; a permanent rule of action; a law or statute. In its most common meaning, the term is used to designate the enactments of the legislative body of a municipal corporation. An ordinance is the equivalent of a municipal statute, passed by the city council, or equivalent body, and governing matters not already covered by federal or state law. Ordinances commonly govern zoning, building, safety, etc. matters of municipality.' (Black's Law Dict. (5th ed. 1979) p. 989, col. 1.)"

On the other hand, the Legislature has on occasion expressly defined the term "statute" as excluding local ordinances. (See, e.g., § 811.8 [defining "statute" for purposes of claims and actions against public entities and employees as "an act adopted by the Legislature of this state or by the Congress of the United States, or a statewide initiative act"] ).

If the term "statute" were to include ordinances, it would be a simple matter for a city council to enact an ordinance that would negate section 40605's mayoral appointment directive by placing the appointment power in its own hands. We believe, instead, that the Legislature intended to create a system of checks and balances by placing the appointment authority in the hands of the elected mayor, while giving the city council the right to reject mayoral appointments. This balancing system would be circumvented if a city council could, at any time, abrogate the mayor's appointment authority through the enactment of an ordinance. In order for the Legislature's vesting of appointment authority in the elected mayor to be given appropriate significance, we believe that section 40605 must be construed as being unaffected by local ordinances.

We conclude that the appointment power of an elected mayor of a general law city extends to appointments that a city ordinance requires to be made by the city council.

C.       Subcommittees of the City Council

The third situation to be considered involves appointments to subcommittees of the city council. We take "subcommittees" to mean committees that consist solely of city council members and that are established for the purpose of facilitating the conduct of the city council's legislative business. Such committees would have no ability to act independently of the city council as a whole and would exist at the pleasure of the council to perform its functions in an efficient manner.

As previously concluded, "all" means "all." Interpreting section 40605 so as to allow the mayor to make all appointments to city council subcommittees would not substantially disrupt the conduct of legislative business, since each appointment must be approved by a majority of the council pursuant to the terms of the statute.

Unless a state statute otherwise specifically provides, the appointment power of an elected mayor of a general law city extends to appointments to subcommittees of the city council, subject to the approval of the council itself.

2.      Authority of the City Council

The final issue to be resolved is whether a city council's approval authority, as specified in section 40605, may be viewed as a grant of authority to direct the mayor to appoint a particular person to a board, commission, or committee. We conclude that section 40605 may not be so construed.

Where section 40605 applies, it is the mayor's prerogative to make the appointment and the city council's responsibility to approve or reject the appointment. **Footnote No. 4** The city council may not dictate to the mayor who the appointee must be. The council's role under the statute begins and ends with approving or withholding approval of an appointment submitted to it by the mayor.

We conclude that unless otherwise specifically provided by statute, the city council of a general law city which has an elected mayor does not have the authority to direct the mayor to appoint a particular person to a board, commission, or committee.

* * * * *

---

**Footnote No. 1**
All references hereafter to the Government Code are by section number only.
**Footnote No. 2**
City voters may decide whether they wish to have an elected mayor. Section 34900 states:

"At any general municipal election, or at a special election held for that purpose, the city council may submit to the electors the question of whether electors shall thereafter elect a mayor and four city councilmen, and whether the mayor shall serve a two-year or four-year term. In cities presently having elected mayors, the city council may also submit to the electors the question of whether the mayor shall thereafter serve a two-year or a four-year term."

**Footnote No. 3**
A state statute may also specifically provide for a non-mayoral appointment for a city board, commission, or committee. (See, e.g., § 65101 [city planning commission membership determined by city council].)
**Footnote No. 4**
In this respect, section 40605 is similar to the "advice and consent" provision of the United States Constitution. (U.S. Const., art. II, § 2(2); see *Board Of County Commissioners of the County of Bernalillo* v. *Padilla* (N.M. App. 1990) 804 P. 2d 1097, 1106 [use of expression "with the approval" establishes advice and consent relationship].)

---