BILL LOCKYER Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE LOIS WOLK, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
Does the appointing power of an elected mayor of a general law city extend to the appointment of the members of the city's planning commission?
 CONCLUSION
The appointing power of an elected mayor of a general law city extends to the appointment of the members of the city's planning commission, but each appointment must have the approval of the city council.
 ANALYSIS
As distinguished from a city operating under a city charter, a general law city has only those powers expressly granted to it by the Legislature, together with such powers that are necessarily incident to those expressly granted or essential to the declared object and purposes of the municipal corporation; a general law city may not act contrary to state statute. (See Irwin v. Cityof Manhattan Beach (1966) 65 Cal.2d 13, 20-21; Martin v.Superior Court (1991) 234 Cal.App.3d 1765, 1768; 81 Ops.Cal.Atty.Gen. 75, 76 (1998).) Government Code section34900[1] permits the voters of a general law city to determine whether to have an elected mayor. In the context of a general law city that has an elected mayor, we are asked whether the members of the planning commission are to be appointed by the mayor or by the city council. We conclude that this appointment power rests with the city's elected mayor, but that the mayor's selections are subject to the approval of the city council.
Our analysis begins with section 40605, which generally directs the mayor of a general law city to make all appointments to city boards, commissions, and committees with the approval of the city council:
 "In general law cities where the office of mayor is an elective office pursuant to Article 5 (commencing with Section 34900) of Chapter 7 of Part 1 of Division 2 of Title 4, the mayor, with the approval of the city council, shall make all appointments to boards, commissions, and committees unless otherwise specifically provided by statute."
With specific regard to a city planning commission, subdivision (a) of section 65101 states:
 "The legislative body may create one or more planning commissions each of which shall report directly to the legislative body. The legislative body shall specify the membership of the commission or commissions. In any event, each planning commission shall consist of at least five members, all of whom shall act in the public interest. If it creates more than one planning commission, the legislative body shall prescribe the issues, responsibilities, or geographic jurisdiction assigned to each commission. If a development project affects the jurisdiction of more than one planning commission, the legislative body shall designate the commission which shall hear the entire development project." (Italics added.) The "legislative body" of a general law city is its city council. (§§ 34000, 36501, subd. (a).) Does the directive in section 65101, subdivision (a), that "the legislative body shall specify the membership" of a planning commission make this statute an exception to the general mandate of section 40605 directing the mayor, with the approval of the city council, to make all appointments to city commissions? Has subdivision (a) of section 65101 "otherwise specifically provided" an alternative to the mayor-city council appointment process?
To answer this question, we apply well established principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.]" (Freedom Newspapers, Inc. v. Orange CountyEmployees Retirement System (1993) 6 Cal.4th 821, 826.) "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (Kimmel v. Goland
(1990) 51 Cal.3d 202, 208-209.) "Of course, we interpret a statute in context, examining other legislation on the same subject, to determine the Legislature's probable intent. [Citations.]" (California Teachers Association v. Governing Bd.of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 642.)
Applying these rules of construction, we find that the key word "specify," as used in the context of section 65101, means something other than "appoint." In related statutory schemes, the Legislature has distinguished between the two terms. For example, Health and Safety Code section 101525, subdivision (b), states in part:
 ". . . The enabling ordinance shall specify the membership of the authority, the qualifications of members, the manner of appointment, selection, or removal of members, and their term of office, and any other matters that the board of supervisors deems necessary or convenient for the conduct of the authority's activities. . . ."
Similarly, Health and Safety Code section 101850, subdivision (c) provides:
 "A hospital authority established pursuant to this chapter shall be governed by a board that is appointed, both initially and continually, by the Board of Supervisors of the County of Alameda. . . . The enabling ordinance shall specify the membership of the hospital authority governing board, the qualifications for individual members, the manner of appointment, selection, or removal of governing board members, their terms of office, and all other matters that the board of supervisors deems necessary or convenient for the conduct of the hospital authority's activities."
Welfare and Institutions Code section 14087.31, subdivision (c), states:
 "The enabling ordinance shall specify the membership of the county commission, the qualifications for individual members, the manner of appointment, selection, or removal of commissioners, and how long they shall serve, and any other matters as the board of supervisors deems necessary or convenient for the conduct of the county commission's activities. Members of the commission shall be appointed by the county board of supervisors. . . ."
Other examples may be given of the Legislature's use of the term "specify" in a manner that is distinguished from its use of the term "appoint." (See, e.g., Welf. Inst. Code, §§ 14087.38, subd. (c); 14087.51, subd. (e); 14087.52, subd. (d); 14087.53, subd. (c); 14087.54, subd. (d).) In the context of these statutes, "specify" means "state precisely or in detail" (Webster's 3d New Internat. Dict. (2002) p. 2187) the number and status of the various members, whether regular members, alternate members, ex officio members, or the like.
In contrast, when the Legislature has intended to grant to a city council the power to appoint persons to a particular office, it has used such words as "appoint" or "select." For example, section 36505 states:
 "The city council shall appoint the chief of police. It may appoint a city attorney, a superintendent of streets, a civil engineer, and such other subordinate officers or employees as it deems necessary."[2]
If the Legislature had intended to authorize city councils to appoint the individual members of a planning commission, rather than to approve all appointments made by the mayor, it could have easily done so by phrasing section 65101 in terms of "specify and appoint." A legislative articulation of specific statutory authority in one respect indicates the absence of such authority in related respects. (See Safer v. Superior Court (1975)15 Cal.3d 230, 238; 85 Ops.Cal.Atty.Gen. 181, 185 (2002).)
Section 40605 generally directs the mayor of a general law city, with the approval of the city council, to make all appointments to city boards, commissions, and committees. It is a well known principle of statutory construction that "` "[e]xceptions to the general rule of a statute are to be strictly construed."'" (City of Lafayette v. East Bay Mun. UtilityDist. (1993) 16 Cal.App.4th 1005, 1017.) Consistent with this principle, we find that the Legislature's use of the word "specify," and not the word "appoint," in section 65101 fails to meet the test of specifically providing for non-mayoral appointments of planning commission members as required by section 40605. Of course, section 40605 does not grant a mayor unfettered discretion in making commission appointments; instead, it requires the mayor to submit each of his or her designated appointees to the city council for its approval. (81 Ops.Cal.Atty.Gen., supra, at p. 80.)
We conclude that the appointing power of an elected mayor of a general law city extends to the appointment of the members of the city's planning commission, but each appointment must have the approval of the city council.[3]
[1] All further references to the Government Code are by section number only.
[2] Other state statutes set forth precisely who is to "appoint" the members of various boards, commissions, and committees. (See, e.g., Health Saf. Code, § 40420 [South Coast Air Quality Management District]; Pub. Resources Code, § 29735
[Delta Protection Commission]; Pub. Utilities Code, § 30201
[Southern California Rapid Transit District].)
[3] In 81 Ops.Cal.Atty.Gen. 75, supra, we described section 65101 as an example of a statute authorizing "a non-mayoral appointment for a city board, commission, or committee." (Id.
at p. 78, fn. 3.) That characterization, made only in passing, is inconsistent with the conclusion we reach herein, and it is therefore disapproved.